UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RUDD EQUIPMENT COMPANY, INC.,                                                            Plaintiff,

v.                                                                              Civil Action No. 3:14-cv-703-DJH

JOHN DEERE CONSTRUCTION &
FORESTRY COMPANY,                                                                        Defendant.

\* \* \* \* \*

**<u>MEMORANDUM OPINION & ORDER</u>**

After six months of laborious litigation over whether this case should be sealed and whether John Deere Construction & Forestry Company should be held in contempt, the parties (and their private arbitrator) now seek an expedited decision concerning Rudd Equipment Company, Inc.'s objections to Magistrate Judge Colin H. Lindsay's Report and Recommendation. (*See* Docket No. 69, 70) The Magistrate Judge concluded that the case should be unsealed and that John Deere should not be held in contempt. For the following reasons, the Court will adopt the Report and Recommendation and deny Rudd's objections.

**I.**

When reviewing a report and recommendation, this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). On review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court "cannot simply 'concur' in the magistrate's findings, but it must conduct its own review in order to adopt the recommendations." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005).

1

## II.

The Court first considers the factual record.  The Magistrate Judge made detailed factual findings.  (*See* D.N. 61, PageID # 1900-05)  On at least some occasions in its objections, Rudd balks at the weight the Magistrate Judge gave certain facts.  (*See* D.N. 62, PageID # 1929 ("The reasoning of the Report and Recommendation ignores critical facts . . .."))  And Rudd repeatedly asks for additional oral argument and evidentiary hearings.  (*See, e.g., id.*, PageID # 1957)  To the Court, however, it does not appear that Rudd's real gripe is with the facts marshaled in the Report and Recommendation, but with how the Magistrate Judge applied those facts.  While the Court "may . . . receive further evidence," § 636(b), Rudd has not convinced the Court that doing so is necessary or would be helpful.

The Report and Recommendation broke the issues presented into three components: (1) whether a sealing order issued by the late Senior Judge John G. Heyburn II should be undone; (2) whether John Deere Construction and Forestry Company should be held in contempt for twice disclosing an Agreed Order filed under seal; and (3) whether John Deere should be held in contempt for violating the Agreed Order's substantive provisions.  (D.N. 61, PageID # 1905)  First, the Magistrate Judge recommended that the case be unsealed.  (*Id.*)  His recommendation hinged on his report that originally there were insufficient findings to justify the seal, that the relevant factors supported unsealing the case, that Rudd had not convinced the Magistrate Judge of the seal's necessity, and that Rudd's reliance on the seal was not enough to warrant maintaining it.  (*Id.*, PageID # 1905-17)  Second, the Magistrate Judge recommended that the Court not hold John Deere in contempt over its release of sealed documents.  (*Id.*, PageID # 1918)  Much of the Magistrate Judge's analysis rested on the distinction between sealing and protective orders and how John Deere had, at worst, violated only the spirit of the sealing order.

2

(*See, e.g., id.*, PageID # 1920 n.5 ("Courts do not hold parties in contempt based on implied obligations.")) Last, the Magistrate Judge showed that the substantive provisions of the Agreed Order were subject to at least two reasonable interpretations. (*Id.*, PageID # 1923-26) Because of the ambiguities, the Magistrate Judge recommended that the Court not hold John Deere in contempt based on the substance of the Agreed Order. (*Id.*, PageID # 1926) Rudd objects to each recommendation.

Rudd asserts several reasons in support of its positions that the Report and Recommendation is flawed, and that the seal should remain in place. (*See, e.g.,* D.N. 62, PageID # 1937-39) In sum, its arguments revolve around: its contention that the Magistrate Judge mistakenly relied on the public interest that would be served by unsealing the case; its claim that Judge Heyburn did not need to make specific factual findings to grant the seal because there was no objection to the seal; John Deere's supposed waiver of its right to object to the seal, because John Deere remained silent; the evident reliance of both parties on the seal; and its contention that the Magistrate Judge incorrectly applied the relevant case law. After considering each substantive objection, the Court still concludes that the Magistrate Judge was correct.

To begin, Rudd claims that the Magistrate Judge mistakenly relied on the public interest perspective because John Deere did not assert a public interest—it claimed at hearing only that it wanted to remove the seal so that it could use documents from this litigation in the related arbitration proceedings. (*See Id.*, PageID # 1944) Relatedly, Rudd complains that John Deere waived its right to challenge by remaining silent. (*Id.*, PageID # 1941-44) But the Magistrate Judge was concerned about the public's right to know. A central tenet of American justice is that judicial proceedings are, and should be, open to the public. This tradition of open courts is not a "'quirk of history.'" *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178 (6th Cir.

1983) (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569 (1980)). Rather, our nation has hewed towards the openness of courts as a way of proving to the public that our system is fair and just, as a tool to minimize judicial error through "public scrutiny and discussion," and as a way to promote "'true and accurate fact finding.'" *Id*. These public concerns caution in favor of unsealing. It is irrelevant what rationale John Deere gave at hearing. John Deere does not speak for the public's interest—indeed, John Deere cannot waive that interest—and this Court must consider the public interest without relying on either of the parties to represent that interest. *See In re Knoxville News-Sentinel, Co., Inc.*, 723 F.2d 475-76 (6th Cir. 1983).

Next, Rudd disputes the Magistrate Judge's assertion that Judge Heyburn should have stated, but did not state, factual findings or conclusions to justify the seal. (D.N. 62, PageID # 1940) Rudd argues that Judge Heyburn did not need to because no one challenged the motion to seal; as well, Rudd claims that his sealing order shows that Judge Heyburn did consider the issues involved and made an informed decision. (*Id*., PageID # 1940-41) Perhaps, but the Court now faces a challenge to the sealing order. And given the challenge, the Magistrate Judge concluded that the Sixth Circuit requires this Court to consider the record, decide whether the seal is justified, and, if so, to present "a reasoned analysis explaining why." (D.N. 61, PageID # 1906 (quoting *Goodman v. Fuller*, No. 91-6089, at *1, 920 F.2d 149 (6th Cir. Apr. 16, 1992) (unpublished))

Rudd's remaining objections depend on whether the Magistrate Judge correctly applied Sixth Circuit case law. Rudd posits that Sixth Circuit case law requires that, once a party has relied on a sealing order, that order can only be reversed in "extraordinary circumstances" or when there is a "compelling need." (D.N. 61, PageID # 1945 (citing *Knoxville News-Sentinel*,

4

723 F.2d at 479)) In light of this language, Rudd bristles at the Magistrate Judge's reading of *Knoxville News-Sentinel* in a way that comports with the larger public policy issues at play in sealing motions. (*Id*. (referencing D.N. 61, PageID # 1912-17)) After reviewing the Magistrate Judge's reasoning and the cases cited in the Report and Recommendation, and Rudd's objections, the Court agrees with the Magistrate Judge's assessments. (*See* D.N. 61, PageID # 1910-17) The Magistrate Judge's determination that the takeaway from *Knoxville News-Sentinel* is that a party's reliance should be considered but not elevated in importance above the constitutional and common-law right of public access is, to the Court, persuasive. (*See id*., PageID # 1914) One party will always rely, to some extent, on a sealing order. Reading *Knoxville News-Sentinel* as Rudd suggests would mean that the traditional balancing test used to determine when to unseal a case would rarely be applied, rendering sealing orders virtually irreversible. The Court must adopt the Magistrate Judge's Report and Recommendation and unseal the case.

That leaves Rudd's requests to hold John Deere in contempt. Rudd objects to the Magistrate Judge's determination that neither John Deere's sharing of sealed documents with two third parties nor John Deere's alleged failure to comply with the terms of the Agreed Order were worthy of contempt. (D.N. 62, PageID # 1951) The Magistrate Judge supported his recommendations with compelling reasoning. (D.N. 61, PageID # 1917-28) Rudd's arguments are not unreasonable, but the Court agrees with the Magistrate Judge's conclusions. Contempt sanctions are appropriate only where clear and convincing evidence proves that the offending party violated a definite and specific court order. *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991). And court orders are read to mean precisely what they say. *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996) (citation omitted). The Magistrate Judge was correct: sealing

orders and protective orders are two different tools that serve different purposes. (*See, e.g.,* D.N. 61, PageID # 1920)  The sealing order here, by itself, did not force the parties to maintain strict confidentiality.  On that ground, John Deere did not err in this instance by sharing the Agreed Order with third parties.  As well, the Court agrees that the Agreed Order is subject to multiple interpretations. (*Id.*, PageID # 1923-26)  The Court's analysis can end there.  The Court does not need to decide which interpretation is best; the fact that there are multiple, legitimate interpretations shows that there was no definite and specific order that John Deere violated.  The Court will adopt the Report and Recommendation and refrain from holding John Deere in contempt.

### III.

With the de novo review of the substance of Rudd's objections complete, the Court concludes that the Magistrate Judge's Report and Recommendation should be adopted in full. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of the Magistrate Judge (D.N. 61) is **ADOPTED**.

2. John Deere Construction and Forestry Company's motion to vacate the sealing order (D.N. 46) is **GRANTED**.  The order sealing this case (D.N. 8) is hereby **VACATED,** effective **seven (7) days** following entry of this Order.

3. Rudd Equipment Company's motion for contempt (D.N. 48) is **DENIED**.

4. Rudd's motion for oral argument and evidentiary hearing (D.N. 63) is **DENIED** as moot.

5. John Deere's motion for extension of time (D.N. 64) is **GRANTED** and the response is deemed timely filed.

January 12, 2016

**David J. Hale, Judge
United States District Court**